DECISION
Plaintiffs appeal Defendant's Notice of Proposed Adjustment and/or Distribution, dated August 5, 2008, denying the Working Family Credit and Child and Dependent Care Credit claimed for tax year 2007. A trial was held in the Oregon Tax Courtroom, Salem, Oregon on June 1, 2009. Plaintiffs appeared on their own behalf and were assisted by interpreter Wendell B. Amstutz. James Carter (Carter), Tax Auditor, appeared on behalf of Defendant.
In its Answer, filed November 13, 2008, Carter requested that Plaintiffs provide additional information, including income reported and expenses claimed on their Federal Form Schedule C, Profit or Loss from Business. At the time of the telephone case management conference on December 02, 2008, Plaintiffs had not responded to Carter's information request. On that same date, Carter sent a second request for the additional information. When Plaintiffs did not respond, a subpoena duces tecum was served on Plaintiffs on February 20, 2009. Plaintiffs did not completely respond to the subpoena. Carter testified that on May 13, 2009, Plaintiffs submitted a copy of a Form 1099 that was issued to Lidia Orozco (Orozco).
On April 7, 2009, Defendant submitted exhibits A-1 through A-10. Plaintiffs did not submit any exhibits. *Page 2 
 I. STATEMENT OF FACTS
Gregorio Villatoro (Villatoro) testified that Plaintiffs paid Elva Marin Garcia (Garcia) to care for their three daughters in 2007. Plaintiffs claimed they made cash payments of $40 per week per child for a total of $6,000 to Garcia. Garcia, who did not testify, wrote in a letter dated March 1, 2008, that she was not Plaintiffs' relative and she watched Plaintiffs' daughters "while he [Villatoro] and his wife [Orozco] "work all day." (Ptfs' Compl at 12.) The letter was not notarized. Villatoro testified that Garcia did not issue receipts when he paid her in cash. The only document he received from Garcia was the letter dated March 1, 2008. Villatoro testified that Garcia "was not a professional child care provider" and "she was not licensed;" he testified that she was the wife of someone he knew.
Villatoro testified that he paid Garcia a flat weekly fee of $40 even if she did not watch his daughters one day a week when his wife was not working. He explained that, at least one day a week, Orozco did not work when he did; on that day, Orozco took care of their daughters. Because the day his wife did not work varied week to week, Villatoro testified that they decided to pay Garcia a set weekly fee so "she was available" when they needed her to care for their children. Defendant told Plaintiffs that child care expenses can only be claimed when a taxpayer is working, looking for work or attending school. Villatoro stated that he did not know the law. Carter testified that, even though Garcia provided a social security number, he has been unable to conclude "that she exists." He found no filed income tax returns with Garcia's social security number.
Orozco testified that she worked "every day" at a beauty salon located in Hillsboro. She explained that each week the salon took 45 percent of the income from her clients, leaving her with 55 percent. In 2007, the salon issued Orozco a Form 1099 showing total income of $4,614 *Page 3 
which she reported on her Schedule C. (Def's Ex A-9.) When asked if she received tips from her clients, Orozco stated that the amounts varied from $3 to $5 per day and she did not report her tip income on her filed income tax return. Carter testified that, based on his research of average hourly rate for hair stylists in the Portland area, the gross receipts reported by Orozco "suggest" that she "was working part-time, not full time." Orozco testified that because of her "carpal tunnel" she works slower than the other stylists and earned less.
From the reported gross receipts ($4,614), Orozco deducted car and truck expenses in the amount of $1,455 and supplies in the amount of $1,500. (Id.) Orozco testified that the car expenses were based on the mileage from her home to the salon and back; she did not keep a daily travel log. Defendant explained that "commuting expenses" are not an allowable deduction. Orozco testified that the supplies expense was for hair products, like hair spray and hair color. Both Villatoro and Orozco testified that "most of the stuff [supplies]" is at their home and that Orozco no longer works outside the home. Plaintiffs did not provide receipts for the supplies nor documents to determine the value of the supplies that were not used in 2007.
 II. ANALYSIS
Oregon allows a qualifying taxpayer to claim a refundable credit to partially offset the taxpayer's child care costs incurred when a taxpayer is working or attending school. ORS 315.262.[1] This credit is commonly referred to as the working family child care credit. The statute provides in relevant part:
 "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS 316 equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."
ORS 315.262(2). *Page 4 
In addition to the working family child care credit, ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependant child or children. That credit is commonly referred by the short title "child care credit." Plaintiffs claimed a working family child care credit and a child care credit. To receive either or both credits, a taxpayer must pay for child care. After requesting substantiation for the child care expenses paid by Plaintiffs and receiving nothing that met its substantiation requirements, Defendant denied Plaintiff's claimed credits. Plaintiffs appeal Defendant's denial.
One of the issues before the court is whether Plaintiffs are entitled to claim a working family child care credit and child care credit based on their child care expenses. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden ofproof shall fall upon the party seeking affirmative relief." ORS 305.427
(emphasis added.) Plaintiffs must establish their claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. of Rev., 4 OTR 302 (1971)).
Plaintiffs' evidence was their own testimony that they paid cash to Garcia to care for their three daughters. Garcia, the child care provider, issued Plaintiffs a letter dated March 1, 2008, stating that she received $6,000 from Plaintiffs for caring for their three daughters. Garcia wrote that there was no familial relationship between Plaintiffs and her. (Ptfs' Compl at 12.)
Plaintiffs offered no additional evidence. Because Plaintiffs paid their child care provider in cash, Plaintiffs do not have canceled checks. Garcia did not testify. Garcia did not issue receipts to Plaintiffs at the time they paid her for caring for the children. Garcia's letter stating the amount she received from Plaintiffs was not notarized. Defendant was unable to verify that *Page 5 
Garcia "existed" and, according to Carter, Garcia did not file an income tax return reporting the $6,000 as income.
Even if the court were to agree that, based on Plaintiffs' testimony, they paid Garcia to care for their daughters, the law does not permit child care expenses to be claimed when Plaintiffs' daughters were cared for by Orozco. Plaintiffs presented no evidence showing the dates Orozco worked away from home and that she did not care for the children. The court lacks sufficient evidence to make a determination of the allowable child care expenses, if any.
The Oregon legislature intended to make "the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code relating * * * to the definition of * * * deductions (business and personal) * * *.'" ORS 316.007. Allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction.INDOPCO, Inc. v. CIR, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226
(1992). The federal definition of allowable deductions that are at issue in this case is found in IRC section 162(a).[2] This section allows a taxpayer to deduct transportation expenses incurred in connection with a business.[3] IRC section 162(a) provides in relevant part that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." In contrast, IRC section 262(a) disallows deductions for "personal, living, or family expenses."
The cost of daily commuting to and from work is considered a nondeductible personal expense and is generally not deductible under IRC section 162(a)(2). See Treas Reg 1.162-2(e) *Page 6 
(1960) ("Commuters' fares are not considered as business expenses and are not deductible."). Orozco testified that she deducted the cost of commuting from her home to the beauty salon. Those claimed transportation deductions in the amount of $1,500 are disallowed.
In addition, Orozco deducted the cost of supplies; she did not provide any documentation to show the value of the items she used in her business. Further, Orozco testified that many of the items, the cost of which she deducted, are still in her possession. Expenses can be allowed for goods used to carry on a trade or business. Because of the lack of substantiation and the fact that many of the items that were purchased were not used for a business purpose in 2007, the supplies expense deduction claimed in the amount of $1,455 is disallowed.
 III. CONCLUSION
After careful consideration of the sworn testimony and evidence, the court concludes that Plaintiffs have not met the standard of proof and are not entitled to claim child care expenses in the amount of $6,000. In addition, Plaintiffs' claimed transportation expenses for Orozco's commuting to and from the salon are not allowable business deductions. Further, Plaintiffs claimed supplies expense but testified that "most of the supplies" are "at home" and were not used to generate the reported business income; the supplies expense is disallowed because there was no evidence offered to value the supplies still in their possession. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs are not entitled to claim child care expenses in the amount of $6,000 on their 2007 Oregon state income tax return, and the working family child care credit and dependant child care credit are not allowed; and *Page 7 
IT IS FURTHER DECIDED that Plaintiffs' claimed transportation and supplies expense deductions in the amount of $2,955 are disallowed.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onAugust 14, 2009. The Court filed and entered this document on August 14,2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005
[2] All references to the Internal Revenue Code (IRC) and regulations are to year 2007.
[3] IRC section 262 disallows any deduction for personal living or family-related expenses. Transportation expenses between a taxpayer's residence and work location are commonly referred to as commuting expenses, which are nondeductible personal expenses under IRC section 262.See CIR v. Flowers, 326 US 465, 473-4, 66 SCt 250, 90 LEd 203 (1946).